# **EXHIBIT 1**



*Order*

No. FD13D05340

# IN THE HIGH COURT OF JUSTICE
## SITTING IN THE CENTRAL CRIMINAL COURT

**BEFORE THE HONOURALE MR JUSTICE HADDON-CAVE ON 21st MARCH 2018, SITTING IN OPEN COURT**

Upon the Applicant's application notice dated 28th February 2018

**BEFORE THE HON. MR JUSTICE HADDON-CAVE ON 21st MARCH 2018, SITTING IN OPEN COURT**

**PARTIES:**

The Applicant is Tatiana Mikhailovna Akhmedova and is represented by Dakis Hagen QC and Andrew Holden.

The First Respondent is Farkhad Teimur Ogly Akhmedov and is unrepresented.

The Second Respondent is Woodblade Limited, a company registered in Cyprus, of which the First Respondent is the only director and is unrepresented.

The Third Respondent is Cotor Investment SA, a company registered in Panama and is unrepresented.

The Fourth Respondent is Qubo 1 and the Fifth Respondent is Qubo 2, and they are unrepresented.

The Sixth Respondent is Straight Establishment, a Liechtenstein Anstalt (an establishment formed under the Principality of Liechtenstein) and is unrepresented.

The Seventh Respondent is Avenger Assets Corporation, a company registered in Panama and is unrepresented.

**IT IS DECLARED THAT:**

1. The Sixth Respondent is the alter ego of the First Respondent, alternatively his privy, and through the First Respondent has submitted to the court's jurisdiction.

2. The Sixth Respondent is the First Respondent's nominee and the assets held and previously held in the name of the Sixth Respondent belong beneficially to the First Respondent.

3. Without prejudice to the generality of paragraph 2, the vessel known as "LUNA" with IMO No. IMO-1010222, which is currently registered with the Office of the Maritime Administrator of the Republic of the Marshall Islands with Certificate of Registry No. 5817-PY in the name of Sixth Respondent (the "Vessel") is held by the Sixth Respondent absolutely for the First Respondent.

4. The Seventh Respondent is the alter ego of the First Respondent, alternatively his privy, and through the First Respondent has submitted to the court's jurisdiction.

5. The Seventh Respondent is the First Respondent's nominee and the assets held and previously held in the name of the Seventh Respondent belong beneficially to the First Respondent.

**IT IS ORDERED THAT:-**

6. The Sixth and Seventh Respondents are joined to the proceedings forthwith.

7. The corporate veil of the Sixth Respondent is pierced.

8. Any actual or purported disposition of any interest in the Vessel formerly held by the Fifth Respondent to the Sixth Respondent is set aside under s.37 of the Matrimonial Causes Act 1973 and s.423-5 of the Insolvency Act 1986.

9. The Vessel be transferred into the Applicant's name under s.24(1) of the Matrimonial Causes Act 1973 and s.423(2) and 425(1)(a) of the Insolvency Act 1986 such that she holds absolute beneficial title to the Vessel, and that the Sixth Respondent and the First Respondent do effect all necessary steps and formalities for the proper vesting of the Vessel in, and the transfer of such title to, the Applicant.

   and it is DECLARED that with immediate effect the Applicant is the legal and beneficial owner of the Vessel.

10. In the event that the foregoing transfer of title is not effected within 7 days of this order, the Sixth Respondent do pay a liquidated cash sum to the Applicant representing the capital value of the Vessel, namely $487,278,000 (FOUR HUNDRED EIGHTY SEVEN MILLION TWO HUNDRED SEVENTY EIGHT THOUSAND US DOLLARS) or its sterling equivalent of £346,600,841 (THREE HUNDRED FORTY SIX MILLION SIX HUNDRED THOUSAND EIGHT HUNDRED AND FORTY ONE POUNDS STERLING) under s.423(2) and 425(1)(d) of the Insolvency Act 1986 (at a rate of USD:GBP 1:0.711; source: Financial Times, 20 March 2018).

11. The transfer of 260,000,000 (TWO HUNDRED SIXTY MILLION EUROS) by the First Respondent to the Seventh Respondent on 15 December 2014 is set aside under s.423-5 of the Insolvency Act 1986.

12. The Seventh Respondent do pay a liquidated cash sum of 260,000,000 (TWO HUNDRED SIXTY MILLION EUROS) or its sterling equivalent of £228,085,369 (TWO HUNDRED TWENTY EIGHT MILLION EIGHTY FIVE THOUSAND THREE

HUNDRED SIXTY NINE POUNDS STERLING) to the Applicant under s.425(1)(d) of the Insolvency Act 1986 (at a rate of EUR:GBP 1:0.877; source: Financial Times, 20 March 2018).

13. The Sixth and Seventh Respondents are jointly and severally liable for the payment of the lump sum payable pursuant to the Order of the Honourable Mr Justice Haddon-Cave dated 20 December 2016, up to the amounts set out at paragraphs 10 and 12, such that:

   (i) payment of the sums payable pursuant to paragraphs 8 and 10 above shall reduce pro tanto the amount of the lump sum outstanding under that Order; and

   (ii) reduction of the lump sum below the amounts set out at paragraphs 8 and 10 above shall reduce pro tanto the amounts payable as set out at those paragraphs.

14. The freezing injunction granted on 20 December 2016 and continued on 12 January 2017 be varied pending further order:

   (i) Such that it is extended to the Sixth and Seventh Respondents; and

   (ii) In particular, to prohibit further removal, disposal, charging, and/or diminution of the value of the Vessel.

15. The Applicant's service of this application by the alternative methods set out below is valid service and is deemed to have taken place on 5 March 2018 in each case:

   (a) On the First Respondent:

      (i) By WhatsApp on +994 50 211 64 53.

      (ii) By registered post to the First Respondent's son's residential address at 100 Knightsbridge, Apartment C 7.1, London SW1X 7LJ.

      (iii) By email to asr79@bk.ru being the email address of the First Respondent's personal secretary.

      (iv) By courier to the First Respondent's office address at Bld 1H, 9 Solyanka Street, Moscow, 109028, Russia.

   (b) On the Fifth Respondent:

      (i) By registered post to its registered agent, WalPart Trust Registered, Zollstrasse 2, 9490 Vaduz, Liechtenstein

      (ii) By email to mail@walchschurti.net

      (iii) By email to mail@walpart.net

(c) On the Sixth Respondent:

(i) By registered post to its registered agent, Counselor Trust Registered, Zollstrasse 2, 9490 Vaduz, Liechtenstein

(ii) By email to mail@walchschurti.net

(iii) By email to mail@walpart.net

(d) On the Seventh Respondent:

(i) By registered post to the address of the registered agent, Anzola Robles & Asociados, Credicorp Bank Plaza, 26th floor, Nicanor De obarrio Avenue, 50th Street, PO Box 0832 2325, Panama City, Republic of Panama;

(ii) By email to info@anzolaw.net.

16. The Applicant has permission to serve this Order and any other documents in these proceedings by the alternative methods referred to in paragraph15 above, and such service will be deemed to take place i) in the case of registered post, on the date on which the documents are delivered and ii) in the case of email or WhatsApp, the date on which the email or WhatsApp (as the case may be) is sent.

17. The costs of this application be paid on the indemnity basis by the First Respondent and/or the Sixth Respondent and/or the Seventh Respondent with joint and several liability, such costs summarily assessed in the sum of £141,284.20.

Dated: This 21st March 2018

ca

