**EXHIBIT 3**

*Order*



CASE NO: FD13D05340

# IN THE HIGH COURT OF JUSTICE
# FAMILY DIVISION

Before The Honourable Mrs Justice Gwynneth Knowles sitting in private at the Royal Court of Justice, Strand, London WC2A 2LL

**THE MATRIMONIAL CAUSES ACT 1973**

**THE SENIOR COURTS ACT 1981**

**THE MARRIAGE OF TATIANA MIKHAILOVNA AKHMEDOVA AND FARKHAD TEIMUR OGLY AKHMEDOV**

AFTER HEARING Mr Tim Penny Q.C. and Henry Clayton Counsel for the Applicant on 26 March 2019; and no appearance for the Sixth Respondent

**FREEZING ORDER MADE BY THE HONOURABLE MRS JUSTICE KNOWLES**

**TO STRAIGHT ESTABLISHMENT c/o Counselor Trust Reg., Zollstrasse 2 9490 Vaduz, Liechtenstein**

**WARNING: IF STRAIGHT ESTABLISHMENT NEGLECTS TO OBEY THIS ORDER BY THE TIME STATED OR DISOBEYS THIS ORDER, YOU COUNSELOR TRUST REG (A DIRECTOR OR OFFICER OF THE SAID STRAIGHT ESTABLISHMENT), DR ANDREAS IGNAS SCHURTI, URS DANIEL HANSELMANN, DR ERNST JOSEPH WALCH, DR BARBARA JOHANNA MARTINA WALCH AND/OR DR MORITZ ROLF BLASY MAY BE HELD TO BE IN CONTEMPT OF COURT AND IMPRISONED OR FINED OR YOUR ASSETS MAY BE SEIZED.**

**ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS STRAIGHT ESTABLISHMENT TO BREACH THE TERMS OF THIS ORDER MAY BE HELD IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED.**

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

**The Parties**
1. The Applicant is Tatiana Mikhailovna Akhmedova
   The First Respondent is Farkhad Teimur Ogly Akhemdov
   The Second Respondent is Woodblade Limited
   The Third Respondent is Cotor Investments SA
   The Fourth Respondent is Qubo 1 Establishment
   The Fifth Respondent is Qubo 2 Establishment
   The Sixth Respondent is Straight Establishment
   The Seventh Respondent is Avenger Assets Corporation

**Definitions and interpretation**
2. Unless otherwise stated, a reference in this Order to "the Respondent" means all of the Respondents.

3. This Order is effective against any Respondent on whom it is served or who is given notice of it.

4. A Respondent which is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

**Recitals**
5. This freezing order is a further continuation of and is without prejudice to the freezing injunction made on notice to the Sixth Respondent on 21 March 2018 (**"the 21 March 2018 Freezing Order"**), which remains in force.

6. The 21 March 2018 Freezing Order was made in aid of (1) the final order dated 20 December 2016 granting financial orders for a lump sum, property transfer and costs in the Applicant's favour; and (2) an order dated 21 March 2018 (**"the 21 March 2018 Order"**) *inter alia* declaring the Sixth Respondent to be the alter ego of the First Respondent, joining it to the proceedings and making an order against it for the transfer of a vessel known as "LUNA" (**"the Vessel"**) into the Applicant's name, failing which the Sixth Respondent would have a concurrent obligation to pay a liquidated cash sum to the Applicant of US$487,278,000.

7. The Sixth Respondent has failed to transfer the Vessel to the Applicant or to pay any sums as ordered.

8. The court has approved this order but has reserved its judgment giving reasons for making this order until a later date. It expects to hand down its judgment at the end of April 2019.

**Undertakings given to the court by the Applicant**
9. Anyone notified of this Order shall be given a copy of it by the Applicant's legal representatives.

10. The Applicant will pay the reasonable costs of anyone other than the Respondent, Counselor Trust Reg, Dr Andreas Ignas Schurti, Urs Daniel Hanselmann, Dr Ernst Joseph Walch, Dr Barbara Johanna Martina Walch and Dr Moritz Rolf Blasy, which have been incurred as a result of this Order including the costs of finding out whether that person holds any of the Respondent's assets and if the court later finds that this order has caused such person loss, and decides that such person should be compensated for that loss, the Applicant will comply with any order the court may make.

11. If this order ceases to have effect (for example, if the Sixth Respondent complies with its obligations under the 21 March 2018 Order) the Applicant shall immediately take all reasonable steps to inform in writing anyone to whom she has given notice of this Order, or who she has reasonable grounds for supposing may act upon this Order, that it has ceased to have effect.

**IT IS ORDERED THAT:-**

12. Until further order of the court, the Sixth Respondent must not:

    a. Sell, rent, give away, lend, otherwise transfer, exchange, pledge, encumber and/or make any property-like and/or use-like dispositions and/or otherwise do anything which could frustrate or complicate the execution of the right to transfer the Vessel to the Applicant.

    b. Permit any voyage or movement of the Vessel, including without prejudice to the generality of the foregoing, the removal of the Vessel from the port of Port Rashid, Dubai, in which the Vessel is currently located.

    c. Damage or destroy the Vessel or take any other action which would reduce its value.

13. The Sixth Respondent must forthwith:

    a. Until further order, keep the Vessel where it is currently located.

    b. Until further order, preserve the Vessel and its value, including pay the port fees, the insurance fees and other operating costs as well as maintain the entire crew, including the captains.

    c. Inform the captains and the entire crew of the Vessel of the existence and validity of this Order and irrevocably instruct them to comply with the terms of paragraph 12, and provide confirmation in writing to the Applicant's legal representatives when this has been done.

    d. Inform the operator of the port of Port Rashid, Dubai, P&O Marinas Head Office, Mina Rashid, P.O. Box 17000, Dubai, of the existence and validity of this Order and provide confirmation in writing to the Applicant's legal representatives when this has been done.

    e. Revoke any powers of attorney granted to third parties which give authority to dispose of the Vessel and provide confirmation in writing to the Applicant's legal representatives when this has been done

    f. Take all reasonable steps to ensure compliance with the prohibition contained in paragraph 12 of this Order.

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

14. The Sixth Respondent shall within 3 days of notification of this Order file and serve an affidavit verifying the confirmations required pursuant to paragraph 13 above.

**Provision of security**

15. This Order will cease to have effect if the Respondent:

    a. Provides security by paying the sum of US$487,278,000 into court, to be held to the order of the court; or

    b. Makes provision for security in that sum by another method agreed with the Applicant's legal representatives.

**Costs**

16. The Sixth Respondent shall pay by 4pm on 16 April 2019 the Applicant's costs in relation to the application for this Order in the sum of £78,000 including VAT.

**Varying or discharge of this Order**

17. The Sixth Respondent or anyone notified of this order may apply to discharge or vary this Order but before doing so they must inform the Applicant's solicitors in writing of their intention to make such application and, if possible, must give 7 days' written notice of the same.

**Service of the application**

18. Pursuant to the steps taken by the Applicant to serve the application notice dated 21 March 2019 on the Sixth Respondent, namely:

    a. Sending of the application to the Sixth Defendant's lawyer instructed in the US, Derek Adler of Hughes, Hubbard & Reed LLP, by email to derek.adler@hugheshubbard.com; and

    b. Sending of the application to the Sixth Defendant's lawyer instructed in Dubai, Hassan Arab of Al Tamimi & Company, by email to h.arab@tamimi.com;

    the above steps shall constitute good service, and such service is deemed to have taken place on 21 March 2019.

19. Pursuant to FPR 18.8(4), sufficient notice has been given for the hearing of the application.

20. The Applicant is not required to serve the application notice on the First to Fifth Respondents, nor on the Seventh Respondent.

**Service of this Order and other documents**

21. Service of this Order and any other documents in these proceedings on the Sixth Respondent may be effected by any one of the following methods:

    a. Any of sub-paragraphs (i) to (iii) of paragraph 15(c) of the 21 March 2018 Order.

    b. Sending of the application to the Sixth Defendant's lawyer instructed in the US, Derek Adler of Hughes, Hubbard & Reed LLP, by email to derek.adler@hugheshubbard.com; and

c. Sending of the application to the Sixth Defendant's lawyer instructed in Dubai, Hassan Arab of Al Tamimi & Company, by email to h.arab@tamimi.com;

and such service is deemed to take place:

(i) In the case of emails, the date when they are sent.

(ii) In the case of dispatch by registered post, the date when the document sent is received.

22. The Applicant has permission to serve this Order and/or notify the following persons of this Order, by any of the following methods:

   a. On any of Counselor Trust Reg and on Dr Andreas Ignas Schurti, Urs Daniel Hanselmann, Dr Ernst Joseph Walch, Dr Barbara Johanna Martina Walch and Dr Moritz Rolf Blasy by email to any of the following email addresses:

   i. mail@counselor-trust.net;
   ii. mail@walchschurti.net;
   iii. mail@walpart.net;

   b. On Dr Andreas Ignas Schurti by email to andreas.schurti@walchschurti.net;

   c. On Urs Daniel Hanselmann by email to mail@counselor-trust.net, mail@walchschurti.net and mail@walpart.net;

   d. On Dr Ernst Joseph Walch by email to ernst.walch@walchschurti.net;

   e. On Dr Barbara Johanna Martina Walch by email to barbara.walch@walchschurti.net;

   f. On Dr Moritz Rolf Blasy by email to moritz.blasy@walchschurti.net.

23. For the purposes of enforcement of this Order pursuant to FPR 37.4, personal service of this Order on Straight, Counselor Trust Reg, Dr Andreas Ignas Schurti, Urs Daniel Hanselmann, Dr Ernst Joseph Walch, Dr Barbara Johanna Martina Walch and Dr Moritz Rolf Blasy be dispensed with pursuant to FPR 37.8 if they have been served with or notified of the Order by any of the methods permitted by this Order.

24. The Applicant is not required to serve this Order on the First to Fifth Respondents, nor on the Seventh Respondent.

25. Paragraphs 21 to 24 are without prejudice to the Applicant's obligations to serve this Order through judicial channels in Liechtenstein.

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

**Time for appealing**

26. Time for appealing is extended until 21 days after hand down of the reserved judgment herein.



Dated this 26th day March 2019

pw

Communications with the court
All communications to the court about this Order should be sent to-
The Clerk of the Rules, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number. The telephone number is 020 7947 6543
The offices are open between 10am and 4.30pm Monday to Friday.
Name and address of Applicant's legal representatives
The Applicant's legal representatives are –
PCB Litigation LLP, 90 Chancery Lane, London WC2A 1EU
(Ref. AJR@pcblitigation.com)
Tel: 020 7831 2691
ajr@pcblitigation.com
nk@pcblitigation.com